IRVING, P.J.,
dissenting:
¶ 12. This Court has the authority to reverse the Commission’s decision if the decision is not supported by substantial evidence. Unfortunately for Smith, however, the majority agrees with the AJ’s decision that Smith acted intentionally to injure himself. Because I believe that the AJ’s decision is based on assumptions rather than substantial evidence, I dissent. I would reverse the Commission’s judgment and remand this case to the Commission for a determination of benefits.
¶ 13. The burden rested with Tippah to prove that Smith’s injuries were the result of intentional conduct. I submit that Tip-pah failed to meet its burden. Even with all of the testimony received by the AJ and summarized by the majority, the fact remains that there were no eyewitnesses to this incident. The testimony from Tip-pah’s witnesses offered only snapshots of the aftermath of the incident, and some of that testimony corroborated Smith’s version of events. For example, Smith testified that he had dropped his knife in the bucket that he was standing in while working on the power lines. Capíes subsequently testified that, although he did not know where the knife had been recovered, he had returned Smith’s knife to Smith’s wife after the incident. This lends credence to Smith’s contention that he had, indeed, dropped the knife prior to the incident.
*943 ¶ 14. The inconsistencies that the AJ identified as the basis for denying benefits to Smith do not make an accidental touching of the power lines improbable. Smith may not remember how it happened, but, more importantly, no other witness can say how it happened either. Each of Tip-pah’s witnesses admitted that he did not see the incident as it occurred. And while Smith was an experienced lineman with training regarding the consequences of simultaneously touching the primary and neutral wires, this fact fails to suggest that this incident was intentional and not accidental.
¶ 15. It is clear to me that, prior to denying benefits to Smith, the AJ made several assumptions that are completely unsupported by the testimony — those assumptions being that Smith knew the reason for Caples’s presence at the worksite on the day of the incident; that Caples’s presence at the worksite suggested trouble to Smith; that Smith’s quiet demeanor signified a depressed or unhappy mental state; and that if Smith was depressed or unhappy, he was also suicidal. It cannot be reasonably argued that these assumptions are supported by any of the testimony given at the hearing, and, in my opinion, the testimony given at the hearing was insufficient to prove that Smith acted to intentionally injure himself.
¶ 16. For the reasons presented, I dissent.
BARNES AND JAMES, JJ., JOIN THIS OPINION.